## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BENJAMIN AUGUSTIN MONTOYA and
BARBARA ANN MONTOYA,

        Plaintiffs,

vs.                                                                                                                                        No. CIV- 03-0261  JB/RHS

CITY OF ALBUQUERQUE; STEPHEN
HOLWEGER, in his individual capacity; and
BRIAN PAIGE, in his individual capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiffs' Motion to Compel, filed December 23, 2003 (Doc. 59).  The primary issues are: (i) whether the Plaintiffs are entitled to discovery concerning Defendant Brian Paige's and Defendant Stephen Holweger's psychological and mental health records; (ii) whether the Plaintiffs are entitled to discover the SOARS video or audio taped interviews; (iii) whether the Plaintiffs are entitled to discover Paige's and Holweger's internal affairs files; (iv) whether the Plaintiffs are entitled to discover Paige's and Holweger's unredacted personnel files; and (v) whether the Plaintiffs are entitled to depose Defendant police officers concerning their general background.  Because the Court determines that some of the information should be produced and some information should not be compelled, the Court will grant the motion in part and deny the motion in part.

## BACKGROUND

The Plaintiffs' First Amended Complaint for Recovery of Damages Caused By Deprivation of Civil Rights and Tortious Conduct sets forth claims arising from Defendant Stephen Holweger's

and Defendant Brian Paige's alleged illegal seizure, beating, arrest, and prosecution of Plaintiffs Benjamin Augustin Montoya and Barbara Ann Montoya during the night of October 15, 1999.

On November 5, 2003, the Court extended the deadlines for filing discovery motions until December 24, 2003.  See Amended and Stipulated Order Extending Discovery, entered November 5, 2003 (Doc. 53).  Counsel have agreed to waive the requirement that they must file a discovery motion under local rule 26.6 within twenty days after receiving an objection to the requested information.  See D.N.M.LR-Civ. 26.6.  Instead, counsel have agreed that any discovery motion will be timely if filed before the final deadline date of December 24, 2003.

The Plaintiffs have moved under rules 30, 33, 34, and 37 of the Federal Rules of Civil Procedure for an order compelling requested discovery.  The Plaintiffs' Motion to Compel Discovery concerns: (i) Defendant City of Albuquerque's Answers to Plaintiffs' First Request for Production of Documents; (ii) Defendant Brian Paige's Answers to Plaintiff Benjamin Montoya's First Set of Interrogatories to the Defendant Brian Paige; (iii) Defendant Stephen Holweger's Answers to Plaintiff Benjamin Montoya's First Set of Interrogatories to the Defendant Stephen Holweger; (iv) Defendant Brian Paige's Answers to Plaintiffs' First Request to Defendant Brian Paige for Production of Documents for Inspection and Copying; (v) Defendant Stephen Holweger's Answers to Plaintiffs' First Request to Defendant Stephen Holweger for Production of Documents for Inspection and Copying; and (vi) opposing counsel's instruction to Defendant Brian Paige not to answer questions posed to him about his personal history during his deposition on November 19, 2003. The Defendants have declined to provide information requested through these discovery documents by arguing that the Plaintiffs' requests are irrelevant, not reasonably calculated to lead to admissible evidence, invade the Defendants' privacy rights, are attorney work product, or are privileged.

Before filing this motion, the counsel made a good faith effort to resolve this discovery dispute without court action. The case is unlikely to settle without a trial on the merits because the City has a "no settlement policy" concerning any claim of police misconduct on the part of Albuquerque Police Department officers.

## ANALYSIS

### I. THE PLAINTIFFS ARE NOT ENTITLED TO DISCOVERY CONCERNING PAIGE'S AND HOLWEGER'S PSYCHOLOGICAL AND MENTAL HEALTH RECORDS.

The Plaintiffs have requested that the Defendants disclose psychological and mental health information pertaining to Paige and Holweger. See, e.g., Plaintiffs' First Request to Defendant City of Albuquerque for Production of Documents, Request Nos. 8, 12; Plaintiffs' First Request to Defendant Stephen Holweger for Production of Documents for Inspection and Copying, Request Nos. 8, 10; Plaintiff Benjamin Montoya's First Set of Interrogatories to the Defendant Stephen Holweger, Interrogatory Nos. 20, 29, and 30. The Plaintiffs directed the same discovery requests to Paige that they directed to Holweger. Hence, the Court will treat the interrogatories and requests for production of documents directed to one Defendant police officer as including an identical request the Plaintiffs made of the other Defendant police officer. The Plaintiffs contend that these requests include psychological and mental health information that may touch upon Paige's and Holweger's use of force and/or credibility that may be admissible as impeachment evidence under Rules 404, 405, and 608(b) of the Federal Rules of Evidence.

For instance, the Plaintiffs have requested that Paige and Holweger disclose the existence of any psychotherapist-patient or physician-patient relationship. See, e.g., Plaintiff Benjamin Montoya's First Set of Interrogatories to the Defendant Stephen Holweger, Interrogatory Nos. 20, 29, 30. Paige

and Holweger did not answer that question; instead, they asserted that the "physician-patient privilege" and the "Defendant's right to privacy" protect the information. The burden of establishing a privilege or privacy right rests on the person claiming it. See Motley v. Marathon Oil Co., 71 F.3d 1547, 1550 (10th Cir. 1995). Hence, the Defendants' mere assertions of privilege and privacy are insufficient to prevent the disclosure of these materials; the Defendants must show that the documents are privileged or otherwise protected.[1]

The Plaintiffs rely on Bregman v. District of Columbia, 182 F.R.D. 352 (D. D.C. 1998), in which the court stated that the defendant's mental health history "might cast light on [the defendant's] fitness to become or continue to be a police officer." Id. at 358. "Police officers are placed in uniquely dangerous and stressful situations and their mental health histories may be particularly relevant to their ability to cope with those situations and their consequential fitness to [be] police officers." Id. In Bregman, the court found that such disclosure may be appropriate in light of the plaintiff's claims against the District of Columbia. Unlike knowledge that the defendant had been treated for "the flu or a broken arm," knowledge of the defendant's mental health history might "put the District [on] notice that he would not be a good police officer." Id. at 357-58. In this case, because there is no municipal liability claim against the City of Albuquerque, the reasoning in Bregman does not provide a justification for disclosure of the Defendants' mental health records.

Relying upon Denver Policeman's Protective Ass'n v. Lichtenstein, 660 F.2d 432, 436 (10th Cir. 1981), the Plaintiffs also argue that the Defendants' right to privacy does not prevent the

---

[1] The federal courts have not recognized a physician-patient privilege under federal law. See LeFave v. Symbios, Inc, 2000 WL 1644154 *2 (D. Colo. April 14, 2000)(neither the Supreme Court nor the Tenth Circuit has recognized a federal physician-patient privilege)(citing Whalen v. Roe, 429 U.S. 589, 602 n. 28 (1977)). There does exist a psychotherapist-patient privilege. See Jaffee v. Redmond, 518 U.S. 1, 15 (1996).

disclosure of any psychotherapist-patient or physician-patient relationship. Lichtenstein, however, addressed internal police records, and the Court is not convinced that the rationale applied in that case is appropriate for medical records as well. In Lichtenstein, the United States Court of Appeals for the Tenth Circuit noted that, while police officers had a legitimate expectation of privacy in their personnel records, the Court's need to ascertain the truth on all issues that the parties raised eclipsed that privacy interest. See 660 F.2d at 436. The Tenth Circuit noted that "'it is of special import that suits brought under [42 U.S.C. § 1983] be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden.'" Id. (quoting Wood v. Breier, 54 F.R.D. 7, 11 (E.D. Wis. 1972)). The Court, however, believes that the Defendants' privacy interest in medical records is greater than in internal police records and that the mere fact that they are police officers does not require the disclosure of any psychotherapist-patient and physician-patient relationship, including the identity of the treating professional, the dates of treatment, and nature of the condition or disorder being treated.

The Plaintiffs also seek this information by another route. They argue that the Defendants refused to turn over Paige's and Holweger's psychological and medical records addressing any physical or mental condition to which they may have waived any existing privilege. See, e.g., Defendant Holweger's Answers to Plaintiffs' First Request to Defendant Stephen Holweger for Production of Documents for Inspection and Copying, Request Nos. 8, 10; Defendant City of Albuquerque's Answers to Plaintiffs' First Request for Production of Documents, Request No. 12. Any psychological or mental health records in the City's possession, or any similar records disclosed to a third party, may no longer be subject to a privilege or privacy claim because their disclosure to the City or to a third party destroyed confidentiality in those records. See Scott v. Edinburg, 101 F.

-5-

Supp. 2d 1017, 1020-21 (N.D. Ill. 2000)(holding that disclosure of psychological records to the police department or third parties waived the psychotherapist-patient privilege because there was no expectation that the records would remain confidential). The court in Scott v. Edinburg acknowledged that, once a party has waived a privilege, psychological and medical evaluations may reasonably lead to admissible evidence. See id. at 1022.

The Court need not decide what privileges do or do not exist, their scope, or whether Paige and Holweger waived those privileges. The Court is not convinced that disclosure of the information will lead to admissible evidence. The Court will deny the motion to compel this information.

**II.     THE PLAINTIFFS ARE NOT ENTITLED TO DISCOVERY CONCERNING VIDEO OR AUDIO TAPES OF THE "SOARS" INTERVIEWS.**

The Plaintiffs have requested that the Defendants produce any video or audio taped interview of the police officers by William Johnson, a SOARS investigator. See, e.g., Plaintiffs' First Request to Defendant City of Albuquerque for Production of Documents, Request No. 13. Based on the City's representations at oral argument that such tapes do not exist, see Clerk's Minutes of Motion Hearing at 2, filed January 16, 2004 (Doc. 60), the Court will deny this portion of the motion.

**III.    THE PLAINTIFFS ARE ENTITLED TO DISCOVERY CONCERNING PAIGE'S AND HOLWEGER'S INTERNAL AFFAIRS FILES SUBJECT TO THE PARTIES' STIPULATED CONFIDENTIALITY ORDER.**

The Plaintiffs have requested that the City turn over the internal affairs files and other material concerning complaints against Paige and Holweger during their employment with the City. See, e.g., Plaintiffs' First Request to Defendant City of Albuquerque for Production of Documents, Request Nos. 20-21; Plaintiff Benjamin Montoya's First Set of Interrogatories to the Defendant Brian Paige, Interrogatory Nos. 25-26. The Defendants have refused to provide this information, arguing that it

is irrelevant, contains statements made in anticipation of litigation, is not reasonably calculated to lead to discoverable information, and invades the privacy rights of Paige, Holweger, and non-party officers and citizens.

At oral argument, however, the Defendants informed the Court that they are willing to produce the requested information after redacting the names of citizen witnesses. Accordingly, the Court will order the Plaintiffs to enter into a confidentiality agreement to that effect. The Defendants will produce the requested information to the Plaintiffs after making the appropriate redactions. If, after reviewing the produced information, Plaintiffs' counsel determines that there is further dispute, they can renew their motion. The Court will deny this portion of the motion without prejudice.

## IV.  THE PLAINTIFFS ARE NOT ENTITLED TO ADDITIONAL DISCOVERY CONCERNING PAIGE'S AND HOLWEGER'S PERSONNEL FILES.

The Defendants have agreed to produce the police officer's personnel files subject to the condition that they are permitted to redact the social security numbers of the Defendant police officers and identifying information concerning non-party citizens. The Plaintiffs contend that the Defendants may not have standing to assert the privacy of non-party citizens. See Denver Policeman's Protective Ass'n v. Lichtenstein, 660 F.2d at 435 n. 1. In addition, the Plaintiffs argue that the Defendant police officers cannot refuse to disclose their social security numbers, citing again Bregman v. District of Columbia, 182 F.R.D. at 358 (ordering a police officer accused of excessive force to disclose his social security number).

The Court does not dispute that a social security number can be valuable when discovering admissible background information about an individual. A social security number may lead to discoverable information in some cases, because electronic companies, like Westlaw and Lexis, store

-7-

personal information that a researcher can retrieve by use of social security numbers. Defendants may not hide valuable information that may lead to admissible evidence, see <u>Denver Policeman's Protective Ass'n v. Lichtenstein</u>, 660 F.2d at 436, but again, the Plaintiffs have not convinced the Court that wide-ranging evidence about the officers' background will be admissible or lead to admissible evidence. The Plaintiffs note that they provided their social security numbers without objection, but what is relevant information about a plaintiff may be different for a defendant. For example, a plaintiff's health before the alleged excessive force may be relevant to his damages, while the officer's health may not be.

The Plaintiffs will examine the redacted information that the Defendants produce. If that review reveals anything specific that they need more information about, they can request that from the Defendants and, if necessary, from the Court again. At the present time, however, the Court will deny the motion to compel further information from their file without prejudice.

## V. THE PLAINTIFFS ARE ENTITLED TO DEPOSE THE DEFENDANT POLICE OFFICERS CONCERNING THEIR GENERAL BACKGROUND.

During the November 19, 2003 deposition of Paige, his counsel directed him not to answer general background questions concerning his upbringing and marital status. See Deposition of Brian Paige at 6:13 - 10:25, 11:19 - 13:4, 22:1 - 21. "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Fed. R. Civ. P. 30(d)(1). The record does not indicate that Paige's counsel considered filing, or actually filed, a motion under Rule 30(d)(4). Nor did counsel direct Paige not to answer deposition questions to preserve a privilege or to enforce a court limitation on discovery.

The record suggests that the basis for counsel's objection to the questions was relevance and/or harassment. The Court need not, however, decide whether the questions may reasonably lead to discoverable information about Paige's decision to choose a career in law enforcement, his temperament, and/or his veracity, because the record does not indicate that the questions posed were designed to embarrass, harass, or annoy the deponent. Accordingly, the Court will order Paige to participate in a 20 minute deposition to answer background questions that counsel poses. Paige's counsel will abide by the Federal Rules of Civil Procedure during that deposition.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Motion to Compel is granted in part and denied in part. Paige is ordered to answer background questions that the Plaintiffs' counsel poses at his deposition. The Defendants will reimburse the Plaintiffs for their reasonable expenses in bringing that portion of their motion, including attorney's fees and costs under Rule 37(a)(4) of the Federal Rules of Civil Procedure. All other requests, including that for production of requested discovery, are denied.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Marc Lowry
Carolyn Nichols
Rothstein, Donatelli, Hughes, Dahlstrom & Schoenburg, LLP
Albuquerque, New Mexico

*Attorneys for the Plaintiffs*

Stephanie M. Griffin
City of Albuquerque Legal Department
Albuquerque, New Mexico

*Attorney for the Defendants*